NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSTELLA SQUARE LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>KEVIN WILLIAMS,<br><br>    *Defendant*. | Civil Action No. 18-16173<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court upon Defendant Kevin Williams' notice of removal and his application to proceed *in forma pauperis*. D.E. 1-1.

    Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Defendant sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    When allowing a plaintiff to proceed *in forma pauperis*, however, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c); *see also New Jersey v. Aristeo*, No. 14-7911, 2014 WL 7404539, at *1-2 (D.N.J. Dec. 30, 2014) (granting *in forma pauperis* application of removing defendant and *sua*

*sponte* remanding the action for lack of subject matter jurisdiction), *aff'd*, 610 F. App'x 95 (3d Cir. 2015). Because Defendant is proceeding *pro se*, the Court construes Defendant's papers liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not credit a *pro se* party's "'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

When a case is filed in state court, a defendant may remove any action over which federal courts have jurisdiction. *See* 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This burden is heavy, since removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper, a federal court must have original jurisdiction, that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013). Specifically, original jurisdiction exists if the plaintiff asserts federal claims (*see* 28 U.S.C. § 1331), or if there is diversity jurisdiction (*see* 28 U.S.C. § 1332(a)).

In addition, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015). If jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### A. Federal Question Jurisdiction

A court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, if the complaint "establishes that federal law create[s] the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *ACR Energy*

*Partners, LLC v. Polo N. Country Club, Inc.*, 143 F. Supp. 3d 198, 202 (D.N.J. 2015). In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule. According to the rule, "a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion*, 2013 WL 5952042, at *2. Defendant appears to be removing a foreclosure action that was filed in the New Jersey Superior Court, Essex County. *See* Notice of Removal at 1. Defendant, however, failed to include a copy of the state court pleading with his Notice of Removal, in violation of Local Civil Rule 5.1(e) and 28 U.S.C § 1446(a). As a result, the Court's analysis is solely based on a review of Defendant's Notice of Removal. Based on this document, the Court assumes that the original state court complaint concerned the foreclosure on Defendant's property, and does not raise a federal question on its face. *See, e.g., Eubanks v. Young Women's Christian Ass'n*, No. 13-2050, 2013 WL 4781033, at *8 (M.D. Pa. Sept. 5, 2013) ("It is well settled law that federal courts typically lack subject matter jurisdiction over state eviction actions or other landlord-tenant matters") (internal quotation omitted).

Defendant, however, argues that resolution of the matter involves a substantial question of federal law and that "[t]he Essex County Superior Courts' Dispossessory action is in violation of [the] 14[th] Amendment of the U.S. Constitution with respect to Due Process of law." Notice of Removal at 1. Although it is possible for federal jurisdiction to exist when only state law claims are raised, this is a "special and small category of cases." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (recognizing that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues"). Courts must conduct a multi-factored test to determine if federal question jurisdiction exists for state law claims, but ultimately, such

jurisdiction is rare. *See Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (stating that only a "slim category of cases" will satisfy the test). Here, Defendant fails to provide factual support for his argument that this matter implicates a substantial question of federal law. Additionally, Defendant appears to be arguing that the Superior Court's treatment of his underlying case is unconstitutional, but the Superior Court is not a named party, nor could it be. *See Barel v. Judiciary Courts of N.J.*, No. 18-17567, 2019 WL 293228, at *2 n.4 (D.N.J. Jan. 22, 2019) ("State and state agencies such as the Superior Court of New Jersey are also immune from suit pursuant to the Eleventh Amendment.").

Defendant also appears to allege that Plaintiff violated 15 U.S.C. § 1692, unnamed federal statutes that pertain to "housing fraud," and Federal Rule of Civil Procedure 60. *See* Notice of Removal at 1-2. These claims appear to be raised as potential affirmative defenses. It is clear, however, that federal question jurisdiction cannot arise from an affirmative defense that implicates federal law. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). Consequently, the Court has no basis on which to exercise federal question jurisdiction pursuant to Section 1331.

**B. Diversity Jurisdiction**

To establish diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). Complete diversity is lacking if a plaintiff and any defendant are citizens of the same state. *Id.* In addition, "the citizenship of an LLC is determined by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Thus, for complete diversity to exist, every member of the LLC must be diverse from all parties on the opposing side. *Id.* A plaintiff must "specifically allege each party's

4

citizenship," and the Court may dismiss a complaint for lack of jurisdiction "where the plaintiff fails to allege sufficient facts for the court to evaluate whether diversity of citizenship exists." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 467 (D.N.J. 2012) (dismissing case for lack of subject matter jurisdiction due to insufficient information to determine each party's citizenship). Finally, and critically, a civil action cannot be removed on the basis of diversity jurisdiction if a defendant is a citizen of the state in which the case was brought. 28 U.S.C. § 1441(b)(2).

In this instance, the Court has no basis on which to determine whether there is complete diversity of citizenship. Although Defendant's application to proceed *in forma pauperis* states that Defendant lives in East Orange, New Jersey and Plaintiff Ostella Square LLC has a New York state address, Defendant does not provide any information about the citizenship of Plaintiff's members. In addition, while the Notice of Removal does not demand judgment for a determinable sum, Defendant appears to allege that he conducted repairs on the property at issue in the amount of $43,001. *See* Notice of Removal at 2. Therefore, as pled, Defendant fails to satisfy the amount in controversy requirement. *See Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 321-22 (3d Cir. 2010) (affirming conclusion that district court lacked jurisdiction because plaintiff failed to satisfy amount in controversy requirement). Therefore, it appears that the Court also lacks diversity jurisdiction over this matter. In addition, Defendant is a citizen of New Jersey, the state where this case was originated. As a result, assuming that Defendant was properly served in the New Jersey action, he cannot remove this matter even if diversity jurisdiction did exist.

Because the Court does not have original jurisdiction, remand is proper. Accordingly, and for good cause shown,

IT IS on this 1st day of March, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Defendant Kevin Williams' application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Notice of Removal without prepayment of the filing fee; and it is further

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Essex County for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Defendant by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

_____
John Michael Vazquez, U.S.D.J.